Raymond H. Rau v. Commissioner.
Rau v. Commissioner
Docket No. 2161-64.
United States Tax Court
T.C. Memo 1966-254; 1966 Tax Ct. Memo LEXIS 27; 25 T.C.M. (CCH) 1313; T.C.M. (RIA) 66254; November 23, 1966
*27 Raymond H. Rau, pro se, 3524 15th Ave., S., Minneapolis, Minn. Robert F. Cunningham, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1962 in the amount of $140.62. The sole issue for determination is whether the Federal income tax laws are constitutional as applied to petitioner. Findings of Fact Raymond H. Rau, petitioner, a resident of Minneapolis, Minnesota, filed his individual Federal income tax return for the year 1962 with the district director of internal revenue at St. Paul, Minnesota. The return was filed June 25, 1963. Petitioner was not married during any part of the taxable year 1962. On the return petitioner reported taxable income in the amount of $703.12. In the space provided on the return for the amount of tax petitioner wrote "None." Respondent determined that the correct tax liability for a single taxpayer with taxable income of $703.12 was $140.62 and determined a statutory deficiency in that amount. [1]
*28 Opinion Petitioner challenges the Federal income tax laws on the grounds that they discriminate against a single taxpayer. He also contends that the laws encourage behavior which the courts of the State of South Dakota have declared to be criminal. [2] He does not contend that he should pay the tax computed at joint return rates but contends that he should pay no tax. In his pleadings, petitioner does not mention the clause or clauses of the Constitution on which he relies, and he has not alluded to any specific constitutional violations. Therefore, we must hold that petitioner has not properly raised a constitutional objection. , affd. (C.A. 4, 1958), certiorari denied, ; . *29 Even were we to assume, arguendo, that the issue was properly presented, it would be our opinion that the claim is clearly unsubstantiated and without merit. Similar allegations have been held farfetched and frivolous. See (C.A. 10, 1954). On brief petitioner has also contended that his case can be resolved only when all his grievances and complaints have been dealt with, to wit, that petitioner has not received his share of public benefits, and that he has been discriminated against by the New York Industrial Personnel Access Authorization Field Board, the courts of the State of South Dakota, South Dakota State College, and the Minnesota State Unemployment Security Department. Petitioner states that anything short of a resolution of all these issues will not be acceptable. We submit that the Tax Court is not the appropriate forum for airing such grievances. Complaints of this nature are clearly beyond the jursisdiction of this Court. Decision will be entered for the respondent. Footnotes
1. The statutory deficiency is computed without reference to the amount of tax withheld. Petitioner had tax withheld in the amount of $308.77. He claims this amount as an overpayment. Respondent contends that the overpayment is limited to the net amount $168.15 ($308.77 less $140.62).↩
2. Petitioner testified that in December 1960 in South Dakota he had received a two-year suspended sentence for indecently exposing himself to persons of the opposite sex. He contends that by granting an exemption for children the tax laws encourage married couples to engage in conduct which is the same as that for which he was criminally convicted.↩